## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

**Ralph Rossi, Jr.,**                        Case No.: 23-12329-MAM
                                             Chapter 7
     **Debtor.**
_____/

### JOINT MOTION FOR APPROVAL OF COMPROMISE AND INCORPORATED SETTLEMENT AGREEMENT BETWEEN THE TRUSTEE AND DEBTOR

**(THE $7,500.00 SETTLEMENT SUM HAS BEEN PAID IN FULL)**

The Trustee, Chad S. Paiva ("Trustee"), and the Debtor, Ralph Rossi, Jr. ("Debtor"), file this Joint Motion for Court Approval of Compromise and Incorporated Settlement Agreement between the Trustee and Debtor ("Joint Motion"), pursuant to F.R.B.P. 9019, and would state as follows:

1. The Debtor filed a voluntary chapter 7 petition on March 27, 2023 ("Petition Date").

2. Chad S. Paiva is the duly appointed chapter 7 trustee in this case.

3. On the petition date, the Debtor had an initially undisclosed interest in a pre-2020 Panerai Luminor (Base) watch. The Debtor bought the watch used without the original box, purchase papers or certificate of authenticity. The Trustee, after consultation with a watch buyer, believes the watch to have a fair market value of approximately $5,000.00 and a non-exempt value of $3,752.15 after applying $1,257.85 in unused personal property and wildcard exemptions the Debtor has available to him. The Trustee is currently in possession of the watch.

4. Within 90 days of bankruptcy, the Debtor paid a gentleman by the name of Christopher Capotis ("Capotis") the total sum of $7,543.00 in several transactions for

debts he owed to Capotis. The Trustee takes the position that these payments are voidable under 11 U.S.C. §547.

5. To repurchase the non-exempt equity in the Panerai watch, to resolve the voidable transfer payments to Capotis payments, and in full settlement of any other issues in the case, the Debtor has agreed to pay, and the Trustee has agreed to accept the sum of $7,500.00 ("Settlement Sum") which has been received by the Trustee.

6. For the purposes of Trustee reporting, the Trustee shall allocate the Settlement Sum as follows: $3,750.00 to the repurchase of the non-exempt equity in the Panerai watch, and $3,750.00 to the voidable transfer payments to Capotis.

7. The legal principles to be applied in evaluating a proposed settlement have been enunciated upon within the Southern District of Florida in **_In Re: Arrow Air, Inc._**, **85 B.R. 886 (Bankr. S.D.Fla. 1988)**. The appropriate test is "whether the compromise falls below the lowest point in the range of reasonableness". **Id. at 891**, **citing**, **_In re Teltronics Services, Inc_**., **762 F.2d 185, 189 (2nd Cir. 1985)**; **_In re W.T. Grant Company_**, **699 F.2d 599, 608 (2nd Cir. 1983)**. The Trustee believes that this settlement agreement more than complies with the legal principles relied upon within these authorities.

8. The Eleventh Circuit provides that when a bankruptcy court decides whether to approve or disapprove a settlement, it must consider:

(i) the probability of success in the litigation;

(ii) the difficulties, if any, to be encountered in the matter of collection;

(iii) the complexities of the litigation involved, and the expense, inconvenience and delay necessarily attending to it; and

(iv) the paramount interest of the creditors and a proper deference to their reasonable view in the premises. **_In re Justice Oaks II, Ltd_**, **898 F.2d 1544 (11th Cir. 1990)**.

9. As there is no guarantee that the net proceeds from sale of the Panerai watch after costs of sale will exceed the $3,750.00 of the settlement sum to be allocated to the watch, it's more than likely that the administrative expenses the estate would incur in seeking to avoid the payments to Capotis could very well exceed the discount the Debtor is receiving to resolve the transfer with no guarantee that any judgment against Capotis would be collectible, and the settlement sum has been paid in full, the Trustee believes this settlement to be above the lowest point of reasonableness and in the best interest of the estate based on the factors enumerated in In Re: Justice Oaks II, Ltd, 898 F.2d 1544, 1548 (11th Cir. 1990), and requests that the Court approve the settlement between the Trustee and Debtor after notice to all creditors.

10. Facsimile shall be acceptable for filing with the Court and for purposes of approving, ratifying, and enforcing the agreement between the parties.

11. The agreement between the Trustee and Debtor as set forth herein is the complete agreement between the parties and is not subject to modification unless agreed to by both parties and reduced to writing.

12. Should the Court not approve the agreement between the Trustee and Debtor as set forth herein, the agreement between the parties shall be null and void, the Trustee may pursue any and all remedies under the bankruptcy code, including but not limited to recovery of the Capotis payments, and any amounts paid by the Debtor to the Trustee shall be refunded to the Debtor within 10 days of entry of the Order denying approval of this Joint Motion. The Trustee, however, at his option shall be entitled to sell the Panerai watch.

13. Should the Court approve the agreement between the Trustee and Debtor as set forth herein, the Trustee shall deliver possession of the Panerai watch to the Debtor within 5 business days after the Order approving the settlement becomes final and non-appealable.

14. The agreement between the Trustee and Debtor as set forth herein is the complete agreement between the parties and is not subject to modification unless agreed to by both parties and reduced to writing.

15. This agreement is subject to bankruptcy court approval after notice to all creditors, and the bankruptcy court shall retain jurisdiction to enforce the terms of this agreement as may be necessary.

16. Attached hereto as Exhibit "A" is a copy of the proposed Order granting this Motion and approving the settlement between the Trustee and Debtor.

WHEREFORE, the Trustee and Debtor respectfully requests that this Court enter an Order granting the relief requested herein, and for such other relief as the Court deems just and proper.

By: _____  
Ralph Rossi, Jr., Debtor  
14319 Canalview Dr., Unit B  
Delray Beach, FL 33484

By: _____  
Chad S. Paiva, Trustee  
6526 S. Kanner Highway, #376  
Stuart, FL 34997  
E: trustee.paiva@gmail.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**Ralph Rossi, Jr.,**                                              **Case No.: 23-12329-MAM**
                                                                                  **Chapter 7**
            **Debtor.**
_____/

**ORDER APPROVING JOINT MOTION FOR COURT APPROVAL OF**
**COMPROMISE AND INCORPORATED SETTLEMENT AGREEMENT**
**BETWEEN THE TRUSTEE AND DEBTOR (DE#  )**

This cause came before the Court in West Palm Beach, Florida upon the Joint Motion for Court Approval of Compromise and Incorporated Settlement Agreement between the Trustee and Debtor ("Joint Motion") (DE#  ), and the Trustee by submitting this form of order having represented that the motion was served on all parties required by Local Rule 2002-1, that the 21-day response time provided by that rule has expired, that no one has filed, or served on the Trustee, a response to the motion, and that this

# Exhibit "A"

Order was attached as an exhibit to the motion, and the Court, having reviewed the Joint Motion filed by the Trustee, does,

**ORDER**:

1. The Joint Motion (DE#  ) is granted.

2. The settlement between the Trustee and Debtor as set forth in the Joint Motion is approved by the Court.

3. The Debtor has paid the Trustee $7,500.00 as agreed in the Joint Motion.

4. The Trustee shall return the Panerai Luminor watch to the Debtor within five (5) business days after this Order becomes final and non-appealable.

5. The Court retains jurisdiction to enforce the terms of the settlement set forth in the Joint Motion as may be necessary.

**###**

SUBMITTED BY:
Chad S. Paiva, Trustee
6526 S. Kanner Highway, #376
Stuart, FL 34997
Telephone: (561) 762-4118
Email: trustee.paiva@gmail.com

Chad S. Paiva, Trustee, shall serve a copy of this Order upon the Debtor and all interested parties required to receive notice, and file a certificate of service as required by this Court's local rules.